## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON VORST, On behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>TBC RETAIL GROUP, INC., d/b/a TIRE KINGDOM, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant TBC Retail Group, Inc., ("TBC" or "Defendant") hereby files this Notice of Removal of the above captioned action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 5020111CA018829, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of the facts set forth below:

### BACKGROUND

1.  On or about November 29, 2011, Plaintiff Brandon Vorst ("Plaintiff") commenced a putative class action against TBC in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, entitled <u>Brandon Vorst v. TBC Retail Group, Inc., d/b/a Tire Kingdom, Inc.</u>, Case No. 5020111CA018829 (the "State Court Action"). A true and correct copy of Plaintiff's Class Action Complaint ("Complaint") is attached as Exhibit A.

2.  On or about December 9, 2011, Plaintiff served the Complaint on Defendant. A true and accurate copy of the Summons is attached as Exhibit B.

3.  In addition to the Complaint, on or about December 9, 2011, Plaintiff served discovery requests on Defendant, including Plaintiff's Request for Admissions to Defendant,

Plaintiff's Request to Produce to Defendant, Plaintiff's Notice of Serving Interrogatories to Defendant, and Plaintiff's Interrogatories to Defendant.  A true and accurate copy of Plaintiff's discovery requests are attached as Exhibit C.  The documents attached as Exhibits A, B, and C constitute all process, pleadings, discovery and orders that have been served upon Defendant in the State Court Action.

4. On or about December 28, 2010, Defendant filed a motion with the state court for an enlargement of time within which to respond to the Complaint.  A true and accurate copy of Defendant's motion is attached as Exhibit D.  The parties were unable to attend a hearing on that motion prior to the removal of this action. Accordingly, pursuant to Rule 81, Defendant's deadline to respond to the Complaint is Friday, January 13, 2012.

5. Plaintiff's Complaint asserts three claims against Defendant, all of which relate to an "oil disposal fee" charged by TBC.  Specifically, Plaintiff alleges claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of contract, and unjust enrichment.

## TIMELINESS OF REMOVAL

6. The Summons and Complaint in the State Court Action were served on Defendant no earlier than December 9, 2011.

7. The Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Defendant's receipt of the Complaint by service of process in the State Court Action.

## DIVERSITY JURISDICTION

8. The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as the amount in

controversy exceeds $5,000,000, exclusive of interest and costs; the action includes more than 100 putative class members; and the action is a class action in which at least one class member is a citizen of a state different from that of Defendant. *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010). (Declaration of Mike Miller, ¶¶ 2-6, attached hereto as Exhibit E).

### Diverse Citizenship of Parties

9. **Defendant's Citizenship.** Pursuant to 28 U.S.C. §§ 1332(c) and 1332 (d)(10), a corporation or unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized. *Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 n.1 (11th Cir. 2004). Defendant TBC is now, and since this action commenced has been, organized under the laws of Florida and has its principal place of business in the state of Florida. (Declaration of Mike Miller, ¶ 2).

10. **Plaintiff's Citizenship.** According to the Complaint, Plaintiff is a resident of Palm Beach County, Florida. (Complaint, ¶¶ 4, 7).

11. **Home State Controversy Exemption.** Removal is not precluded by the Home State Controversy Exemption, codified in relevant part in 28 U.S.C. §§1332(d)(3) & (4), because less than one-third of the putative class members reside in Florida. *Colomar v. Mercy Hosp., inc.*, No. 05-22409, 2007 WL 2083562, *2 (S.D. Fla. July 20, 2007).

    a. Plaintiff purports to bring the class action on behalf of "[a]ll persons who paid Tire Kingdom's Oil Disposal Fee charge until the date notice is disseminated." (Complaint, ¶ 12).

    b. Additionally, Plaintiff alleges that Tire Kingdom owns and operates tire and automotive services centers under the "Tire Kingdom, Merchant's

        Tire & Auto Centers, Merchant's Tire, NTB and National Tire & Battery brands." (Complaint, ¶ 7a). In fact, TBC operates automotive service centers throughout the country under various names including, Tire Kingdom, National Tire and Battery, and Merchant's Tire and Auto. (Declaration of Mike Miller, ¶ 2).

    c.    Pursuant to Fla. Stat. 95.11(2)(b), the statute of limitations for a written contract is five (5) years. *See Shivers v. Int'l Broth. of Elec. Workers Local Union 349,* 262 Fed. Appx. 121, 129 (11th Cir. 2008).

    d.    Of the approximate $8,000,000.00 in oil disposal fees collected by TBC during the past five (5) years, approximately $2,000,000 was collected at service center locations in Florida. Accordingly, approximately 25% of the total oil disposal fees collected by TBC throughout the country in the past five (5) years were collected by service center locations in Florida. (Declaration of Mike Miller, ¶ 6).

### Amount in Controversy

12. The Complaint seeks recovery of damages, trebled or otherwise, and punitive damages for class members who paid the oil disposal fee. (Complaint, ¶ 12)

13. TBC collected in excess of $8,000,000.00 in oil disposal fees throughout the country within the last five (5) years.[1] (Declaration of Mike Miller, ¶ 5). Thus, the amount in

---

[1] Defendant does not concede that Plaintiff is entitled to the amount of money that he has put in controversy by filing his Complaint asserting the legal claims presented in the State Court Action. To the contrary, Defendant maintains that Plaintiff's claims are without merit and that it has no liability to Plaintiff or member of the putative class on any of the claims asserted in the State Court Action.

controversy by these claims in this class action exceeds, in the aggregate, Five Million Dollars ($5,000,000). *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (finding that if the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal to determine whether the threshold amount is established).

14. The putative class allegedly contains tens of thousands of members throughout the country. (*See,* Complaint, ¶ 12; Declaration of Mike Miller, ¶¶ 3,4).

15. Because diversity of citizenship exists under CAFA; the Home State Controversy Exemption is inapplicable; there are more than 100 putative class members; and the amount in controversy exceeds Five Million Dollars ($5,000,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2). This action is, therefore, a proper one for removal to this Court.

**VENUE**

16. Venue lies in this Court pursuant to 28 U.S.C. § 1441 and 1446(a) because this action originally was brought in Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, which is within the District of this Court.

17. Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be filed with the Clerk of the Circuit Court of Fifteenth Judicial Circuit, Palm Beach County, Florida. All parties will receive a copy of the notice filed with that court.

18. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, motions, and orders, thus far, served upon Defendant in this action are attached hereto as Exhibits A, B, and C.

WHEREFORE, for the reasons stated above, Case No. 5020111CA018829, pending in the Circuit Court of Fifteenth Judicial Circuit, Palm Beach County, Florida, hereby is removed to this Court.

DATED: January 6, 2012          Respectfully Submitted,

**TBC RETAIL GROUP, INC.,**

By its attorneys:

*/s/ David B. Esau*
David B. Esau
Florida Bar No. 650331
**CARLTON FIELDS, P.A.**
CityPlace Tower
525 Okeechobee Blvd., Suite 1200
West Palm Beach, FL  33401
(561) 659-7070
desau@carltonfields.com

Daniel Blouin
(*pro hac vice* application forthcoming)
Kristine Argentine
(*pro hac vice* application forthcoming)
**SEYFARTH SHAW, LLP**
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
(312) 460-5000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 6, 2012, a copy of the foregoing was furnished via U.S. Mail to: John B. Patterson, Balkan & Patterson, LLP, 601 S. Federal Highway, Suite 302, Boca Raton, FL 33432, and to Timothy G. Blood, Thomas J. O'Reardon II, Blood Hurst & O'Reardon, LLP, 600 B Street, Suite 1550, San Diego, CA 92101.

*/s/ David B. Esau*
David B. Esau

21741719.16

14063833v.1