# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

BRANDON VORST, On Behalf of Himself
and All Others Similarly Situated,



    Plaintiff,

vs

TBC RETAIL GROUP, INC , d/b/a
TIRE KINGDOM, INC ,

    Defendant.

COPY
RECEIVED FOR FILIN'

NOV 29 2011

**COMPLAINT AND DEMAND FOR JURY TRIAL**

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

BRANDON VORST ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself, all others similarly situated and the general public, against Defendant TBC RETAIL GROUP, INC , d/b/a TIRE KINGDOM, INC (hereinafter "TIRE KINGDON" or "Defendant"), and states.

## JURISDICTION, VENUE, AND PARTIES

### JURISDICTION AND VENUE

1    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars which exceed the jurisdictional limit of this Court, exclusive of interest, attorneys' fees, and costs, which damages are recoverable under the claims set forth herein including those damages suffered by the Plaintiffs due to the actions and conduct of the Defendant as set forth below; for temporary and permanent injunctive relief on a nationwide basis, and for other relief, and for trial by jury of all issues so triable as a matter of right.

2    Jurisdiction of this action is proper in this Court as Defendant Tire Kingdom maintains numerous offices for the conduct of regular and continuous

Case 9:12-cv-80013-KLR   Document 1-2   Entered on FLSD Docket 01/06/2012   Page 3 of 15

*Vorst vs. Tire Kingdom*
*Complaint*
*Page 1*

business within the State of Florida including Palm Beach County, Florida, and as numerous of the acts set forth herein were committed by Tire Kingdom during the time that it was registered to do business in Florida

3  The Venue of this action is proper in Palm Beach County, Florida.

## PARTIES

4  At all times material hereto, the Plaintiff, BRANDON VORST, was and is a resident of Palm Beach County, Florida, who is over the age of eighteen (18), and is sui juris.

5  At all times material hereto, the Defendant, TBC RETAIL GROUP, INC., was and is a Florida Profit corporation headquartered in Juno Beach, Florida, doing business as TIRE KINGDOM, INC , which engaged in a regular and systematic course of conduct in Florida, including Broward County and Palm Beach County, Florida, which conduct included but was and is not limited to violations of Florida's Deceptive and Unfair Trade Practices Act, breach of contract, and unjust enrichment.

## MATERIAL FACTUAL ALLEGATIONS AS TO FRADULENT ACTIONS OF DEFENDANTS

6  Tire Kingdom, which operates automotive retail service centers, uniformly charges its oil change customers an unlawful and deceptive fee it describes as an "Oil Disposal Fee." Tire Kingdom deceptively represents that the added charge for the Oil Disposal Fee, typically a $3 charge, is a direct expense to Tire Kingdom that is being passed on to customers. Unbeknownst to consumers, the deceptively-labeled Oil Disposal Fee is a significant profit source for Tire Kingdom. The Oil Disposal Fee is not a direct expense to Tire Kingdom, there is no such "oil disposal fee" in Florida, and Tire

Kingdom keeps the fee as an additional profit. In fact, Tire Kingdom is even eligible for additional payments for having the used motor oil taken away for recycling.

    a.    As a result of Tire Kingdom's deceptively labeled fee, plaintiff and Class members (defined below) have paid money to Tire Kingdom under the mistaken belief that the Oil Disposal Fee charge was due and owing, and that it represented a pure pass-through of Tire Kingdom's costs related to the handling and/or disposal of used motor oil

    b.    Plaintiff brings this action on behalf of himself, and all others similarly situated consumers who paid Tire Kingdom's Oil Disposal Fee, to halt the acts and omissions of this false and misleading business practice, correct the false and misleading perception that Tire Kingdom's business practice has created in the minds of consumers, and to obtain redress for those who have paid the Oil Disposal Fee  Plaintiff alleges violations of Florida's Deceptive and Unfair Trade Practices Act, breach of contract, and unjust enrichment.

## SPECIFIC MATERIAL FACTS AS TO PLAINTFF

7    At all relevant times, Plaintiff, Brandon Vorst resided and continues to reside in Palm Beach County, Florida  On August 1, 2011, plaintiff visited a Tire Kingdom retail center located at 100 East Hillsboro Boulevard, Deerfield Beach, Florida 33441, for automotive services, including an oil change  Amongst other items, plaintiff was charged for and paid a $3.00 "Oil Disposal Fee," believing that the Oil Disposal Fee charge was due and owing, and represented a direct expense that Tire Kingdom was passing on to him  A true and correct copy of plaintiff's invoice from August 1, 2011, is attached hereto as Exhibit A.

    a.    Defendant Tire Kingdom, Inc. is a Florida corporation that maintains its corporate headquarters in Juno Beach, Florida. Tire Kingdom, Inc. is a wholly owned subsidiary of TBC Shared Services, Inc. TBC Shared Services, Inc. is a wholly owned subsidiary of TBC Private Brands, Inc. TBC Private Brands, Inc. is a wholly owned subsidiary of TBC Corporation. Tire Kingdom owns and operates tire and automotive services centers throughout Florida, North Carolina, South Carolina, Louisiana, Vermont, and New Hampshire under the "Tire Kingdom," "Merchant's Tire & Auto Centers," "Merchant's Tire," "NTB," and "National Tire & Battery" brands. Tire Kingdom's retail centers provide tire replacement and tire balancing services, as well as under-car/under-hood maintenance services, including brake repairs and oil change service

    b    Defendant TBC Corporation, a Delaware corporation headquartered in Palm Beach Gardens, Florida, was purchased by Sumitomo Corporation of America in 2005. TBC Corporation continues to operate as an independent company, and is the self-proclaimed nation's largest vertically integrated marketer of tires for the automotive replacement market. TBC Corporation's retail operations include company-operated retail centers, including under the "Tire Kingdom" brand

    c.    At all times mentioned in the causes of action alleged herein, each and every defendant was an agent and/or employee of each and every other defendant. In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission and authorization of each of the remaining defendants. All actions of each defendant, as alleged in

the causes of action stated herein, were ratified and approved by every other defendant or its officers or managing agents.

8. Tire Kingdom owns and operates automobile retail service centers that provide oil change services.

9. Plaintiff and all Class members received oil change services at a Tire Kingdom retail service center

10. Throughout the relevant time period, Tire Kingdom unlawfully and deceptively charged an additional "Oil Disposal Fee" of typically $3.00 to the plaintiff and the Class members  The Oil Disposal Fee was added to each invoice, but was never identified as a fee to be kept by Tire Kingdom as a profit means  Rather, the Oil Disposal Fee was represented to be an amount that was charged to plaintiff and the Class Members as a pure "pass through" expense

    a  For example, on its customer invoices, Tire Kingdom represents the Oil Disposal Fee substantially as follows:

```
Item Number          Item Description              Qty   Price Each   Extended
HOC                  High Mileage Oil Change        1      46 99       46.99
                     UP TO 6 QUARTS OIL
Oil Disposal Fee     Oil Disposal Fee                      3.00        3 00
PZ-48                OIL FILTER PENNZOIL           1
                     D283
AQHMV10W30           BOTTLE 10W30 MAXLIFE OIL      6
                     VV149 VALVOLINE
ROTY                 ROTATE TIRES                  1
                     LUBE CHASIS AS REQUIRED
DNA169               DNA KIT                       1
                     DNA KIT, DNA169
PA                   Price Adjustment              1-
COC                  OIL CHANGE CREDIT             1-     17.50        17.50-
VISA                 Visa                                              34.44-
                     CARD NUMBER 8561   APPR 031216
```

    b  In its promotions, including on its coupons, Tire Kingdom also misrepresents that the Oil Disposal Fee represents a pure pass through of its expenses.

*Vorst vs. Tire Kingdom*
*Complaint*
*Page 5*



**TIRE KINGDOM.**
SERVICE · BRAKES · BATTERIES · MORE

## $9.99 OIL CHANGE



Purchase A Basic Oil Change For Just $9.99*

- Includes up to 6 Qts Premium Multi-Grade Motor Oil**
- Change filter
- 4-tire rotation***
- 22-Point Inspection

Terms and Conditions
Most vehicles. Not valid with other offers. One coupon per customer. At participating locations upon presentation of this ad. See store for details. Expires 5-31-11.

*Plus $3.00 disposal fee (where permitted).
**Other oils available at additional cost.
***TPMS reset additional, if needed.

11    Tire Kingdom misrepresented the nature of the Oil Disposal Fee to plaintiff and the Class members, and concealed material information concerning such charges, thereby taking advantage of plaintiff and the Class members, all of whom paid the Oil Disposal Fee.

    a.    The fee Tire Kingdom charges for oil disposal is significantly greater than any costs it incurs for used motor oil disposal. In fact, Tire Kingdom is eligible to receive additional payments from recycling the used motor oil from plaintiff and Class members' vehicles

    b    Tire Kingdom charges plaintiff and Class members sales tax for the full amount of the oil changes services, including the deceptive Oil Disposal Fee.

c.   Upon information and belief, Tire Kingdom has gained millions of dollars in unlawful revenue by charging this unlawful and deceptive Oil Disposal Fee.

## CLASS ACTION ALLEGATIONS

12   Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 1.220 of the Florida Rules of Civil Procedure, defined as.

All persons who paid Tire Kingdom's Oil Disposal Fee charge until the date notice is disseminated   Excluded from the Class are defendants' officers, directors and employees.

a.   **Numerosity.** The members of the Class are so numerous that their individual joinder is impracticable   Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains tens of thousands of members. The precise number of Class members is unknown to plaintiff

b.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members   These common legal and factual questions include, but are not limited to, the following.

   i.   whether Tire Kingdom paid costs relating to motor oil disposal;

   ii.   whether Tire Kingdom's Oil Disposal Fee discussed above is misleading, or reasonably likely to deceive,

   iii.   whether Tire Kingdom's alleged conduct violates public policy;

   iv   whether the alleged conduct constitutes violations of the laws asserted herein,

   v   whether Tire Kingdom engaged in unfair and/or deceptive business practices with respect to its Oil Disposal Fee;

      vi.  whether plaintiff and Class members have sustained monetary loss and the proper measure of that loss,

      vii.  whether plaintiff and Class members are entitled to an award of disgorgement of Tire Kingdom's profits;

      viii.  whether plaintiff and Class members are entitled to an award of punitive damages, and

      ix.  whether plaintiff and Class members are entitled to declaratory and injunctive relief

c.  **_Typicality_**  Plaintiff's claims are typical of the claims of the other Class members because, among other things, plaintiff asserts the same claims, and all Class members were injured through the uniform misconduct described above.

d.  **_Adequacy of Representation._**  Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class

e.  **_Superiority._**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Tire Kingdom. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Further, this action presents no unusual management difficulties under the circumstances here.

  f  Adequate notice can be given to Class members directly using information maintained in defendants' records or through notice by publication.

  g.  Damages may be calculated, in part, from the sales information maintained in defendants' records, so that the cost of administering a recovery for the Class can be minimized  However, the precise amount of damages available to plaintiff and the other members of the Class is not a barrier to class certification

  h  Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent defendants from engaging in the acts described, and requiring defendants to provide full restitution to plaintiff and Class members

  i.  Unless a class is certified, Tire Kingdom will retain monies received as a result of its conduct that was taken from plaintiff and the other Class members  Unless a classwide injunction is issued, Tire Kingdom will continue to commit the violations alleged, and Class members and the general public will continue to be misled

  j  Tire Kingdom has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole

## COUNT I

## FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLORIDA STATUTES §501.201 et seq.

13  Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein

14    This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. (the "Act"). The stated purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

15    Plaintiff is a consumer as defined by Fla. Stat. §501.203. Oil change services are services within the meaning of the Act. Tire Kingdom is engaged in trade or commerce within the meaning of the Act.

16.    Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

17    Tire Kingdom has violated the Act by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

18.    Plaintiff and the Class have been aggrieved by Tire Kingdom's unfair and deceptive practices in that they paid the Oil Disposal Fee.

19    The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Tire Kingdom, as more fully described herein.

20.    Pursuant to Fla. Stat. §501.211(1), Plaintiff and the Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

21    Additionally, pursuant to Fla. Stat. §§501.211(2) and 501.2105, Plaintiff and the Class make claims for damages, attorneys' fees and costs.

## COUNT II

## BREACH OF CONTRACT

22. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein

23. Plaintiff and each Class member entered into written contracts with defendants by which plaintiff and Class members offered to purchase oil change services from defendants, and defendants agreed to provide oil change services. As part of the agreement, plaintiff and Class members agreed to pay for the oil disposal charges incurred by defendants

24. Defendants breached the terms of the contract with plaintiff and the Class by charging and collecting a fee for its oil disposal costs when it did not incur oil disposal costs in connection with the oil change services provided to plaintiff or the members of the Class.

25. All conditions precedent to defendants' liability under the contract have been performed by plaintiff and the Class, including the payment for the services actually provided by defendants.

26. As a direct and proximate result of defendants' breach of contract, plaintiff and the other Class members have been damaged in amounts to be proven at trial, and continue to be damaged

## COUNT III

## UNJUST ENRICHMENT

27. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

28. At all times relevant hereto, Tire Kingdom charged consumers the Oil Disposal Fee using the false and misleading representations and claims described herein

29. Plaintiff and the other Class members conferred upon Tire Kingdom non-gratuitous payments for the Oil Disposal Fee despite the fact that Tire Kingdom does not incur any cost for oil disposal, and in fact, makes money from recycling the motor oil from plaintiff and Class members' vehicles. Tire Kingdom accepted or retained the non-gratuitous benefits conferred by plaintiff and the other Class members, with full knowledge and awareness that, as a result of Tire Kingdom's unconscionable wrongdoing, plaintiff and the other Class members believed the Oil Disposal Fee was due and owing and represented the cost to Tire Kingdom associated with the handling and disposal of the used motor oil.

30. Retaining the non-gratuitous benefits conferred upon Tire Kingdom by plaintiff and the other Class members under these circumstances makes Tire Kingdom's retention of those non-gratuitous benefits unjust and inequitable.

31. Because Tire Kingdom's retention of the non-gratuitous benefits conferred by plaintiff and the other Class members is unjust and inequitable, plaintiff and the other Class members are entitled to, and hereby seek disgorgement and restitution of Tire Kingdom's wrongful profits, revenue, and benefits in a manner established by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court grant the following relief:

   a. An Order certifying the Class as requested herein;

  b. An Order awarding restitution and disgorgement of Tire Kingdom's revenues to plaintiff and the other members of the proposed Class,

  c. An Order Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Tire Kingdom from continuing the unlawful business practices as set forth herein, directing Tire Kingdom to engage in a corrective advertising campaign, directing Tire Kingdom to identify, with Court supervision, victims of its conduct and pay them restitution, and disgorgement of all monies acquired by Tire Kingdom by means of any act or practice declared by this Court to be wrongful,

  d. An Order awarding plaintiff and the proposed Class members damages, trebled or otherwise;

  e An Order awarding plaintiff and the Class members punitive damages,

  f An Order awarding attorneys' fees and costs to plaintiff and other Class members, and

  g. Providing such further relief as may be just and proper

### DEMAND FOR JURY TRIAL

Pursuant to Florida Rule of Civil Procedure 1.430 (a) and (b), plaintiff demands a trial by jury on all issues so triable.

DATED November 23, 2011

BALKAN & PATTERSON, LLP
JOHN B. PATTERSON (023930)
ALLISON B LANE (0036017)

_____
JOHN B. PATTERSON
601 S Federal Highway, Suite 302
Boca Raton, FL 33432
Telephone: 561/750-9191
561/750-1574 (fax)
john@balkanpatterson.com
allison@balkanpatterson.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD
THOMAS J O'REARDON II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Attorneys for Plaintiff